**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| HARRY JOSEPH CANNON | ) | |
| | ) | |
| Petitioner, | ) | Case Nos. 2:13-cr-94, 2:15-cv-321 |
| | ) | |
| v. | ) | District Judge R. Leon Jordan |
| | ) | |
| UNITED STATES OF AMERICA | ) | Mag. Judge Christopher H. Steger |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

## I. Introduction

On April 22, 2014, Petitioner Harry Cannon pled guilty to Count One of the First Superseding Indictment for conspiring to distribute and possess with intent to distribute assorted Schedule I Controlled Substances, and Controlled Substance Analogues under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The probation officer calculated that Petitioner's drug quantity required a base offense level of 26 [Doc. 30]. Petitioner received a two-level enhancement for gun possession and a three-level reduction for acceptance of responsibility—yielding a total base offense level of 25 [*Id.*]. With a criminal history category of II, Petitioner's Guideline Range was 63 to 78 months' imprisonment.

Petitioner also received a further reduction under the U.S. Sentencing Commission's Amendment 782, which reduced his base drug offense level by two levels. As a result, Petitioner's total offense level was 23 with a Guideline Range of 51 to 63 months' imprisonment. In addition to Amendment 782, Petitioner received yet another reduction when the Court granted the Government's motion for downward departure under U.S.S.G. § 5K1.1. The Court ultimately

sentenced Petitioner to 48 months' imprisonment, three years of supervised release, and a $100 special assessment on November 20, 2014 [Doc. 41].

Petitioner filed the present Motion to Vacate under 28 U.S.C. § 2255 on December 7, 2015 [Doc. 43].[1] In his Motion, Petitioner claims that he uknowingly and involuntarily entered into his guilty plea. He also claims that he is, in fact, innocent and his attorney was deficient for allowing him to plead guilty. He further disputes the application of the two-level enhancement for possessing a firearm.

For the reasons that follow, the Court finds an evidentiary hearing is not necessary and Petitioner's § 2255 petition [Doc. 227] shall be **DENIED**.

## II. Analysis

### A. Petitioner's § 2255 claim is timely under the prison mailbox rule.

Section 2255(f) imposes a one-year statute of limitations on all petitions for collateral relief, which limitations period runs from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to filing a petition—if that impediment was created by governmental action in violation of the Constitution or laws of the United States—is removed, if the petitioner was prevented from filing a petition by such impediment; (3) the date on which the right asserted in the petition was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

[1] All citations to the district-court record are to 2:13-cr-94, which is the underlying criminal case.

While the petition in this case may appear to be time-barred, it is actually timely under 28 U.S.C. § 2255(f)(1).[2] Consistent with the waiver of appeal in his plea agreement, Petitioner did not appeal the district court's November 20, 2014, judgment imposing a 48-month term of imprisonment. "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). *Federal Rule of Appellate Procedure* 4(b)(A) provides that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment. Petitioner's judgment of conviction became final on December 4, 2014. Petitioner filed the instant motion on December 7, 2015—a date which appears to be three days beyond the one-year limitations period for requesting collateral relief. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Here, Petitioner's pleading is not untimely because, "a prisoner's notice of appeal will be deemed timely filed if it is delivered to the proper prison authorities for forwarding to the district court within the time allotted for an appeal." *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). The Sixth Circuit has applied the prison mailbox rule to various *pro se* prisoner mailings, including motions for relief under § 2255. *Id.* "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class

[2] Petitioner alleges no facts that would trigger the other subsections under § 2255(f).

postage has been prepaid." Rule 3(d) of the Section 2255 Rules. Absent contrary evidence, courts accept the date on which a prisoner signs a paper under penalty of perjury as the date the prisoner handed over the paper for mailing. *Towns*, 190 F.3d at 469; *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Petitioner included an envelope with his § 2255, showing that it was mailed to the Court on December 4, 2015—the day the statute of limitations was to expire. Under the "prison mailbox rule, his § 2255 petition is timely.

**B. Though released from prison, Petitioner is still "in custody" for § 2255 purposes.**

Though timely, the Court must also consider whether it can address the § 2255 petition despite Petitioner's release from prison and supervision. It is well-settled that, to obtain relief under § 2255, petitioners must be in federal custody under the sentence that they seek to attack. *Igo v. United States*, 303 F.2d 317 (10th Cir. 1962); *Migdol v. United States*, 298 F.2d 513, 91 A.L.R.2d 1283 (9th Cir. 1961); *United States v. Campbell*, 278 F.2d 916 (7th Cir. 1960). The concept of being "in custody" is defined more broadly than simple incarceration. Persons serving: (1) a term of supervised release; (2) consecutive sentences; or (3) a probationary or parole term, are all considered to be "in custody" for purposes of habeas petitions under § 2254 or § 2255.[3] "A petitioner who has served the full term of his sentence still satisfies the in-custody requirement of § 2255 provided he filed the motion while incarcerated and shows that he 'is suffering, and will continue to suffer, serious disabilities'—collateral consequences—as a result of the conviction."

[3] *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968) ("a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of a [state] habeas petition"); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (a paroled petitioner was subject to "conditions which significantly confine[d] and restrain[ed] his freedom," thus, he was in "'custody' within the meaning of the [state] habeas corpus statute."); *United States v. Zack*, 173 F.3d 431, at *1 (6th Cir. 1999) ("A defendant serving a term of supervised release is 'in custody' for the purposes of § 2255.").

*Pola v. United States*, 778 F.3d 525, 530 (6th Cir. 2015) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 238–39 (1968)). Here, according to Bureau of Prisons records, Petitioner was released from custody on April 3, 2017. As part of his sentence, the Court ordered that Petitioner serve an additional three years of supervised release upon release [Doc. 41]; however, on December 27, 2018, the Court ordered that Petitioner be discharged from supervision because he had "complied with the rules and conditions of his supervision and . . . achieved all supervision objectives." [Doc. 61]. Even though Petitioner completed his sentence and is no longer on supervised release, he still is subject to suffering the collateral consequences of his sentence. Therefore, he remains "in custody" for § 2255 purposes. *See Pola*, 778 F.3d at 530. Having disposed of potential procedural barriers, the Court will turn its attention to the merits of Petitioner's claims.

**C. Section 2255 mandates a high-threshold standard for post-conviction relief.**

Petitioners who seek to vacate their sentence under § 2255 must show that the sentence imposed by the Court violated the Constitution or laws of the United States; that the court was without jurisdiction to impose such sentence; that the sentence was in excess of the maximum authorized by law; or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 petition, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). In fact, petitioners can prevail alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due

process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires courts to dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).

If dismissal of the petition is inappropriate under Rule 4(b), courts are required by Rule 8 to examine the record and determine the necessity of an evidentiary hearing. If petitioners present a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of [ ] [their] claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not necessary "if the [ ] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

**D. Petitioners must satisfy both prongs of the *Strickland* test to obtain relief for ineffective assistance of counsel under § 2255.**

When petitioners seek relief under § 2255 for ineffective assistance of counsel, they bear the burden of proving, by a preponderance of the evidence, that their counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Put differently, petitioners must prove both deficient performance and prejudice to assert an ineffective-assistance claim. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697. "The benchmark for

judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, petitioners "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that counsel's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

Prejudice is established where there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693).

*Strickland*'s two-pronged test applies where a defendant alleges that his guilty plea was not knowing and voluntary due to the ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To establish prejudice in the plea context, petitioners must show that, if counsel had not performed deficiently, there is a "reasonable probability" that they would not have pled guilty but instead would have proceeded to trial. *Id.* at 59. The reasonable probability test is objective, not subjective; that is, the "petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (citation omitted).

### E. Petitioner cannot establish prejudice—he received a lenient sentence by plea bargaining.

In view of the *Strickland* standard, Petitioner has failed to convince the Court that it would have been rational for him to reject the plea agreement. In other words, the bargain Petitioner received by entering into a plea agreement contravenes his assertion that, but for counsel's alleged deficient performance, he would have insisted on going to trial. *See Moore v. United States*, 676 Fed.App'x. 383, 386 (6th Cir. 2017) (holding that, in determining whether a "rational" criminal defendant would have insisted on going to trial, a court must consider the "disadvantages" he would have faced had he rejected the plea offer). As the Presentence Report ("PSR") noted, Petitioner received a three-level reduction for acceptance of responsibility [Doc. 30]. That brought Petitioner's total offense level down to 23 with a Guideline Range of 51 to 63 months' imprisonment. Petitioner received yet another reduction when the Court granted the Government's § 5K1.1 motion for downward departure. The Court ultimately sentenced Petitioner to 48 months' imprisonment, three years of supervised release, and a $100 special assessment on November 20, 2014 [Doc. 41].

In weighing whether to go to trial, a "rational person would consider, not just the advantages of proceeding to trial (the prospect of a possible, though unlikely, lighter sentence), but also the disadvantages." *Moore*, 676 F. App'x at 386. And, in this case, the advantages of a plea bargain greatly outweighed the disadvantages of proceeding to trial. Specifically, the prosecutor's promise not to prosecute additional charges pending against Petitioner; the three-level reduction for acceptance of responsibility; the § 5K1.1 downward departure—all of these would have been lost if Petitioner had chosen to go to trial. The Court is not persuaded that it would have been a rational decision for Petitioner to take this case to trial rather than accepting the benefits available to him through plea bargaining.

### F. Petitioner's plea colloquy confirms that his plea was knowing and voluntary.

In his § 2255 petition, Petitioner also claims that his guilty plea was entered into unknowingly and involuntarily. Petitioner further claims that he is actually innocent, and his counsel was deficient for allowing him to plead guilty.

Petitioner has not submitted any evidence calling into question the admissions he made in the plea agreement. The record contradicts Petitioner's assertion that he is innocent; rather, the terms of the plea agreement as well as the transcript of the change-of-plea hearing establish that Petitioner was pleading guilty because he was, in fact, guilty. During the plea colloquy, Petitioner confirmed that he had read the indictment, had fully discussed the case with his attorney, and understood the legal rights he was giving up by pleading guilty [Doc. 46]. Petitioner also stated that he understood the nature and meaning of the charges against him as well as the elements that the Government had to prove beyond a reasonable doubt—Petitioner even said that, with regard to the elements, he and his attorney had "been over it thoroughly" [*Id.*]. Petitioner further claimed that he understood the terms of the plea agreement, and that his lawyer explained those terms to him "very carefully" [*Id.*]. When Petitioner was asked if he was satisfied with his attorney's advice and representation, Petitioner responded: "Very satisfied, Sir" [*Id.*]. In short, Petitioner's claims, which are contradicted by his sworn testimony, are insufficient to overcome the presumed veracity of his solemn statements during the change of plea colloquy conducted pursuant to Fed. R. Crim. P. 11. While "no procedural device for the taking of guilty pleas is so perfect in design and exercise as to warrant a per se rule rendering it 'uniformly invulnerable to subsequent challenge,'"[4] "representations of the [Petitioner] . . . constitute a formidable barrier in any subsequent collateral proceeding," *Id.* at 74, and "[s]olemn declarations in open court carry a strong presumption of

[4] *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

verity." *Id.*[5]

**G. Petitioner waived any right to contest the applicability of the sentencing enhancement.**

Petitioner claims that his attorney should have objected to—or appealed—the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Counsel's failure to object to the firearm enhancement at sentencing was known to Petitioner before the entry of judgment and imposition of the sentence. In fact, Petitioner stipulated in his plea agreement that he was subject to the two-level enhancement: "The defendant further admits and stipulates that, for purposes of sentencing pursuant to U.S.S.G. § 2D1.1(b)(1), a two-level enhancement shall apply for the possession of a firearm." [Doc. 26, at 9]. Petitioner cannot admit in his plea agreement that the firearm enhancement is appropriate and then complain that his attorney was ineffective for failing to argue at sentencing that the firearm enhancement should not apply.

Further, Petitioner waived his right to collaterally attack his conviction or sentence on the grounds that his now asserting in his § 2255 petition. Petitioner's plea agreement contains the following language:

> [T]he defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack . . . [his] conviction[ ] and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[Doc. 26, at 14]. "A defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562,

[5] *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (finding the defendant was bound by statements he made in response to the court's plea colloquy); *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (finding the petitioner bound to plea colloquy responses despite some evidence that contradicted statements made therein). *See also Craig v. United States*, Nos. 2:08-CV-56, 2:04-CR-78, 2011 WL 864359, at *6 (E.D. Tenn. Mar. 10, 2011) (holding that "the transcript of the change of plea hearing confirm[ed] the knowing and voluntary nature of the waiver"), *aff'd*, 513 Fed.App'x. 487 (6th Cir. 2013).

573 (6th Cir. 2008) (citation omitted). Accordingly, "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *accord Davila v. United States*, 258 F.3d 448, 450–52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Petitioner knowingly and voluntarily waived his right to file a § 2255 petition, subject to a few recognized exceptions. Petitioner's assertion that his attorney should have objected to the two-level firearm enhancement does not fall within any of those exceptions. Consequently, Petitioner waived this claim and cannot now assert it.

**H. Request for Evidentiary Hearing**

Upon review of the record, the Court finds that an evidentiary hearing is not required because the record conclusively shows that Petitioner is not entitled to relief as a matter of law. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) (explaining that an evidentiary hearing on motion to vacate sentence is not required to resolve purely legal issues). Petitioner's factual allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citations omitted) (internal quotation marks omitted). Petitioner's bald assertions and conclusory allegations do not provide sufficient ground to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

**I. Certificate of Appealability**

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), petitioners may appeal a final order in a § 2255 case only if a COA is issued. A COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right—reasonable jurists would not debate the Court's findings as to any of his claims. Since Petitioner has failed to make such a substantial showing, a COA shall not be issued.

## III. Conclusion

The Court finds that an evidentiary hearing for this § 2255 petition is not necessary. Based on the record before it, the Court concludes that Petitioner is not entitled to relief. Therefore, his § 2255 petition [Doc. 43] is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge